*Beauchamp, for appellant.*

---

## JAMES SMITH v. MARTIN H. BROWDER.

**Judgments—Entry After Term of Judge had Expired—Merger—Subsequent Act of the Legislature.**

A judgment entered of record after the expiration of the judge's term of office is a nullity and the subsequent action of the Legislature can not revive a judgment that has been abandoned or merged into another.

APPEAL FROM KENTON CIRCUIT COURT.

October 1, 1872.

OPINION BY JUDGE LINDSAY:

At the time this case was appealed from the Quarterly to the Circuit Court of Kenton County, no such judgment as that of February, 1869, was in existence.

In fact, the appeal had been pending in the Circuit Court nearly a year before the Legislature enacted the statute under and by virtue of which an ex-county judge entered said judgment upon the records of a court over which he had long since ceased to preside.

It is also manifest that appellees regarded any action that may have been taken by said judge whilst in office as utterly null and void, it not having been made a matter of record, and that he abandoned all idea of enforcing the collection of a judgment that had no existence except in the recollection of an officer whose term of office had expired, hence his amended pleadings, and his judgment of March, 1870.

When the judgment was rendered, it was the only one evidenced by the record, and the only one appellee had the right to enforce. His debt, whether in the shape of an account or of

a prior judgment, was merged into this last judgment, and from it alone could the appellant appeal. His appeal was prosecuted in proper time, and he had a right to a trial in the Circuit Court.

The subsequent action of the Legislature could not divest him of this vested right, nor could it revive against him a judgment which appellee had abandoned, and which upon his own motion had been merged into a later judgment.

The amended answer filed without objection in the Circuit Court presents a valid defense to at least a portion of appellee's claim, and the issues raised should have been tried.

The court erred in dismissing the appeal.

The judgment is *reversed* and the cause remanded for a trial upon its merits.

*W. S. Rankin, for appellant.*

*Carlisle, for appellee.*